Manly, J.
 

 There is nothing in this case to distinguish it from the cases heretofore in this Court, involving the same matter of dispute, reported 5th Jones 16, and 6th Jones 16.
 

 
 *380
 
 It can make rao difference that the defendants were in possession under grants covering the
 
 locus in quo
 
 before the entry of plaintiffs. The latter had entered and were, as the case affirms, in possession also. Each had a separate and distinct .possession, and in this state of facts the rights of the parties are decided by the cases referred to. Principles are there settled, entirely exclusive of the rights of the parties here.
 

 It is settled, not only .in those cases, but also in previous adjudications, that the cultivation of pines, for turpentine, in the usual course of that business, is a possession of the land on which the}7 grow, and the true owner must regain the dominion, if he desire it, by an action of ejectment, 'and get the intermediate profits by the remedy appropriate to that right. To-allow one to seize the product of-another’s labor, as it may be severed from the land, would be to encourage amongst citizens, a resort t© force and oppression in the adjustment of their rights, and .lead, ultimately, to .anarch}7 and ruin.
 

 Hence, it was held by this Court, in the cases between the parties, when they were before us on former occasions, that one, who -was in adverse possession, cultivating turpentine, though not the owner of the land, was, nevertheless, the owner of the turpentine gathered, and might support the action of trover against the true owner of the soil.
 

 We have seen no reason to doubt the authority of these cases — there is no material difference between them and the case now presented, and there should, therefore, bo a similar disposition made of them..
 

 Per Curiam,
 

 Judgment affirmed.